IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WIEGAND MACK SALES & SERVICE, INC., | : | |
| | : | |
| and | : | |
| | : | |
| MACK LEASE OF DETROIT, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 03-5451 |
| | : | |
| v. | : | |
| | : | |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM

BUCKWALTER, S. J.                                                                                       March 29, 2006

    Before the court is Defendant's Motion for Summary Judgment and Plaintiffs' Motion for Summary Judgment. Both motions are denied for the reasons set forth below.

**I.  Plaintiffs' Sherman Act Claims**

    Defendant argues that summary judgment should be granted with respect to Plaintiffs' antitrust claims because of the insufficiency of Plaintiffs' evidence and lack of causal connection between Plaintiffs' antitrust theory and their alleged injury.

    First, with respect to the sufficiency of Plaintiffs' evidence, Defendant claims that Plaintiffs have no proof of specific lost sales showing actual injury for their Sherman Act claim and that Plaintiffs cannot show actual injury through their expert evidence.  The Court believes that Plaintiffs have produced sufficient direct, documentary, and expert evidence to create a

genuine issue of material fact with respect to actual injury. Included among this evidence is that relating to the Gold Kist Deal.

Second, Defendant argues that there is no causal connection between Plaintiffs' antitrust theory and its alleged injury. At this juncture in the case, the Court believes Plaintiffs have shown sufficient connections between their direct, documentary, and expert evidence of injury and the alleged agreement between Defendant and other Mack dealers. Further, the Court finds the same regarding the alleged agreement between Defendant and the bodybuilders.

Because genuine issues of material fact exist with respect to Plaintiffs' Sherman Act claim, the Court denies Defendant's request for summary judgment.

## II. Plaintiffs' Robinson-Patman Act Claims

With respect to Plaintiffs' Robinson-Patman Act claims, Defendant argues that Plaintiffs do not have sufficient evidence of competitive injury and actual injury. The Court first will discuss competitive injury and then turn to actual injury. Finally, the Court will address the parties' arguments regarding Volvo Trucks North America, Inc. v. Reeder-Simco GMC, Inc., 126 S. Ct. 860 (2006).

Competitive injury can be shown in two ways, either through "proof of lost sales or profits" or via "proof of a substantial price discrimination between competitors over time." J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1535 (3d Cir. 1990) (citations omitted). The Court believes that Plaintiffs have produced sufficient evidence to prove competitive injury under both avenues. Plaintiffs have offered evidence of lost sales resulting from price discrimination, including the Gold Kist Deal. In addition, Plaintiffs' expert evidence appears to

have utilized sufficient controls, thus creating a genuine issue of material fact as to price discrimination over time.

With respect to actual injury, "[w]hile injury to competition dominates concern in demonstrating a section 2(a) violation, to recover under section 4 a plaintiff must prove a causal connection between the price discrimination and actual damage suffered." Feeser, 909 F.2d at 1539 (citation omitted). The Court finds that Plaintiffs have offered sufficient evidence of actual injury to withstand summary judgment. Plaintiffs have offered expert evidence as to the effect of Defendant's price discrimination on sales, and they have identified lost sales resulting from Defendant's discriminatory conduct. As such, the Court finds that there is sufficient evidence to support an inference of causation.

In January, the Supreme Court issued its opinion in Reeder-Simco. After reviewing the Supreme Court's opinion and the parties' arguments regarding same, the Court finds that the facts of the instant matter are distinguishable from those of Reeder-Simco. Among the distinguishing characteristics is the direct evidence of price discrimination involving head-to-head competition between Plaintiffs and a favored Mack dealer. Another distinguishing characteristic is the expert evidence which gives rise to an inference of competitive injury and, at this time, does not appear to consist of the selective comparisons present in Reeder-Simco.

Because of the genuine issues of material fact regarding Plaintiffs' Robinson-Patman Act claim, the Court must deny Defendant's request for summary judgment

**III.  Plaintiffs' State Claims**

Plaintiffs' Motion for Summary Judgment and Defendant's Motion for Summary Judgment are denied as to the state law claims because genuine issues of material fact exist with respect to all of Plaintiffs' state law claims.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WIEGAND MACK SALES & SERVICE, INC., | : | |
| | : | |
| and | : | |
| | : | |
| MACK LEASE OF DETROIT, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 03-5451 |
| | : | |
| v. | : | |
| | : | |
| MACK TRUCKS, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 29th day of March, 2006, upon consideration of Defendant's Motion for Summary Judgment (Docket No. 21) and Plaintiffs' Motion for Summary Judgment (Docket No. 20), it is hereby **ORDERED** that both motions are **DENIED**.

BY THE COURT:


 *s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.